# STATE OF MICHIGAN

# COURT OF APPEALS

VENKATA KRISHNA NALLABALLI,

        Plaintiff/Counter-
        Defendant/Appellant,

v

ESWARI ACHANTA,

        Defendant/Counter-
        Plaintiff/Appellee,

and

GMGT TECHNOLOGIES, INC.,

        Defendant/Appellee.

UNPUBLISHED
January 26, 2016

No. 322021
Washtenaw Circuit Court
LC No. 13-001104-CK

SUNEETHA NALLABALLI,

        Plaintiff-Appellant,

v

ESWARI ACHANTA and GMGT
TECHNOLOGIES, INC.,

        Defendants-Appellees.

No. 325704
Washtenaw Circuit Court
LC No. 14-000663-CK

Before: SHAPIRO, P.J., and O'CONNELL and WILDER, JJ.

WILDER, J. (*concurring*).

I concur with the majority opinion in Docket No. 322021. I agree that the trial court properly granted summary disposition on Venkata's claims because his rights did not vest before the dissolution and winding up of GMGT's affairs. With regard to Suneetha's claims in Docket No. 325704, I reluctantly concur in the majority's decision to reverse and remand for further

-1-

proceedings. In Venkata's case, there was uncontradicted evidence presented that GMGT wound up its affairs in 2012. If GMGT in fact wound up its affairs in 2012, then, as discussed below, I would conclude that Suneetha's claims against Achanta and GMGT brought in 2014 were barred. However, because the evidence of GMGT's winding up of its affairs was not presented in Suneetha's case, I agree that remand is proper.

"Chapter 8 of the Business Corporation Act (BCA), MCL 450.1801 *et seq*., governs the dissolution and winding up of Michigan corporations." *Flint Cold Storage v Dep't of Treasury*, 285 Mich App 483, 495; 776 NW2d 387 (2009). A dissolved corporation and its officers continue to function, MCL 450.1834, and the corporation may be sued in its corporate name in the same manner as if dissolution had not occurred, MCL 450.1834(e). See also *Flint Cold Storage*, 285 Mich App at 495. However, after dissolution, the corporation "shall not carry on business except for the purpose of winding up its affairs," MCL 450.1833, which includes paying debts and other liabilities, MCL 450.1833(c). Therefore, the clear rule is that "a dissolved Michigan corporation may continue to exist beyond its date of dissolution only until its [sic] has concluded 'winding up its affairs . . . .' " *Flint Cold Storage*, 285 Mich App at 495-496 (citation omitted). Under the BCA, there is "no specific period in which a dissolved corporation must complete the winding up process." *Id.* at 496. Instead, "a corporation must finish liquidating its business and complete the winding up process within a reasonable time." *Id*. at 497. It is only "once a dissolved corporation has finished winding up its affairs, [that] its existence is terminated and it ceases to exist for all purposes." *Id*. at 498.

GMGT was administratively dissolved on July 15, 2013. However, the record evidence in Venkata's case reveals that GMGT wound up its affairs in 2012, before the administrative dissolution. Achanta stated by affidavit presented in that case that GMGT ceased doing business in 2011, GMGT filed its final tax returns in 2012, and "[a]s of August 8, 2013, GMGT had no assets, had not conducted any business for a long period of time and had been administratively dissolved by the State of Michigan." Based on this uncontradicted evidence, the practical date of dissolution was year-end 2011 and defendants wound up any business matters in 2011 or 2012 with the filing of GMGT's final tax returns. Neither Venkata nor Suneetha presented any affidavit evidence, or even pleaded facts, tending to show that GMGT continued to operate as a business in 2012 or that it continued to wind up its affairs into 2012 and 2013. Therefore, when Suneetha filed suit on July 7, 2014, GMGT had finished winding up its affairs on the date of dissolution, July 15, 2013, and "cease[d] to exist for all purposes." *Flint Cold Storage*, 285 Mich App at 498.

Moreover, MCL 600.3605 governs actions "to compel persons to account for their conduct in the management and disposition of the corporate funds and corporate property committed to their charge," MCL 600.3605(1)(a), and provides that the circuit court has jurisdiction over any person who has held the offices of director, manager, trustee, or other officer "against whom proceedings are commenced within 1 year after he has ceased to be a director, manager, trustee, or other officer," MCL 600.3605(2). Achanta effectively ceased to be the manager when GMGT ended operation and wound up its affairs in 2012. Accordingly, Suneetha's suit, filed on July 7, 2014, was not commenced within one year after Achanta ceased to be a manager of GMGT.

Nonetheless, because this evidence of GMGT's winding up of its affairs is not part of the lower court record in Suneetha's case, I concur in the result in Docket No. 325704.


/s/ Kurtis T. Wilder